SUTLIEF T. SEWARD, Respondent, *v.* THE CITY OF ROCHESTER, Appellant.

Plaintiff entered into a written agreement with defendant's water commissioners, under which he granted to the city a right to lay iron water-pipes across his land, and when necessary to alter, repair, replace, remove or add to such pipes, subject to the payment of any damage thereby done. The city paid plaintiff for this grant, and further covenanted to pay him "a fair and just compensation" for any damage accruing from "the breaking, bursting or leakage of said water-pipes, or any of them, or from any other cause." It was then agreed that, if the parties could not agree upon the amount of damages, they should be "appraised and fixed" by arbitrators to be selected as specified. In an action to recover specific damages the arbitration agreement was pleaded as a bar. *Held,* that the

agreement did not make the award of the arbitrators a condition precedent to the right of recovery; that the grant itself was subject to any damage that might accrue, for which the city covenanted to pay a fair and just compensation, and this covenant was without limitation; that the stipulation for an appraisal was a collateral covenant not limited to rights created by the contract, but fixing a mode of ascertaining the amount of any and all damages to be paid arising from the construction and maintenance of the pipes.

The distinction between executory agreements of arbitration, which oust the courts of jurisdiction, and so are rejected as a bar, and those which are sustained as the sole remedy between the parties, pointed out

(Argued March 12, 1888: decided April 10, 1888.)

Appeal from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made on the first Tuesday of January, 1886, affirming a judgment in favor of the plaintiff, entered upon a verdict and denying a motion for a new trial. (Reported below, 39 Hun, 44.)

The nature of the action and the material facts are sufficiently stated in the opinion.

*Ivan Powers* for appellant. The motion to dismiss the complaint should have been granted, plaintiff having stipulated that the last arbitrator appointed by defendant was an impartial, disinterested and competent person to act as such arbitrator. (*Pres. D. & H. Canal Co. v. Penn. Coal Co.*, 50 N. Y. 250.) The covenant to have the amount of damages, in case the parties could not agree upon it, appraised and fixed by arbitrators, does not come within the rule that contracts ousting the courts of jurisdiction are void. (*Prest. D. & H. Canal Co. v. Penn. Coal Co.*, 50 N. Y. 250, 263, 264, 266, 267, 268, 269; *Altman v. Altman*, 5 Daly, 436, 437; *Whitman v. Mayor, etc.*, 21 Hun, 117, 121; *Holmes v. Ricket*, 56 Cal. 307; *S. C.*, 38 Am. R. 54; *Herdman v. McCartney*, 33 Wis. 331, 345; *Kihlbery v. U. S.*, 97 U. S. Rep. 398; *Condon v. South Side R. R. Co.*, 14 Gratt. 302.) The agreement to arbitrate was a condition precedent to plaintiff's right to use. (*Prest., etc., D. & H. Canal Co. v. Penn.*

*Coal Co.*, 50 N. Y. 260, 261, 262, 264, 266, 267, 270; *U. S.* v. *Robson*, 9 Peters, 327; *Scott* v. *Avery*, 5 H. L. Cases, 811; *Braunstein* v. *Acc. Ins. Co.*, 1 B. & S., 101 Eng. Com. Law R. 783; *Snodgrass* v. *Gavit*, 28 Penn. St. 224; *Altman* v. *Altman*, 5 Daly, 436, 439; *Davenport* v. *L. I. Ins. Co.*, 10 id. 535, 536, 538; *Whitman* v. *Mayor, etc.*, 21 Hun, 117–121.) The court erred in overruling the defendant's objections in reference to the defendant's offer to arbitrate and appointment of an arbitrator. (*Griffin* v. *L. I. R. R. Co.*, 101 N. Y. 348, 354, 355.)

*O. H. Stevens* for respondent. The agreement to arbitrate only entitled the party to damages for a breach thereof, but was no bar to an action. It is an agreement to submit to arbitration a claim not in existence, and not anticipated as ever to be, but one which may possibly arise at some future or indefinite time. It is a collateral agreement. (2 Parsons on Con. [5th ed.] 707; *Haggard* v. *Morgan*, 5 N. Y. 422; *Hurst* v. *Litchfield*, 39 id. 377; *Gibbs* v. *Continental Ins. Co.*, 13 Hun, 611; *Koper* v. *Lenam*, 1 Ell. & Ell. 825; 13 Hun 613, 614; *Horton* v. *Sayer*, 4 Hurlst. & Nor. 642; *Kill* v. *Hollister*, 1 Wilson, 129; *Thompson* v. *Chamrock*, 8 T. R. 139; *Tattersall* v. *Groot*, 2 Bos. & P. 131.) In cases where an indebtedness for some amount is acknowledged or is expected in all human probability to be incurred to an amount, however, only such as some individual or individuals should certify or estimate the same to be, and fixed rules established in many cases, by which the amount should be ascertained in the absence of fraud or some peculiar circumstances entitling him to relief, a party would not be permitted to repudiate his agreement to submit to arbitration and seek a remedy at law, when his adversary had not refused to arbitrate or in any way obstructed or hindered the arbitration agreed upon. (*Prest., etc., D. & H. Canal Co.* v. *Penn. Coal Co.*, 50 N. Y. 250; *United States* v. *Robinson*, 9 Peters 327; *Scott* v. *Avery*, 5 H. of L. Cas. 511.) It is only when a party can have no claim, unless founded upon an award, that a covenant to arbitrate is

conclusive. (*Haggard* v. *Morgan*, 1 Seld. 422; *Prest., etc.,
D. H. Canal Co.* v. *Penn. Coal Co.*, 50 N. Y. 250.)

Finch, J. The answer to a single question will determine
this appeal. The action was brought to recover specific
damages, and an arbitration agreement was pleaded in bar.
The trial court and the General Term pronounced that agree-
ment no defense to the action, and while there was much of
controversy over the inquiry which of the parties had prevented
the arbitration the whole subject became immaterial upon the
ruling finally adopted and upon which the judgment stands.

The plaintiff entered into a written agreement with the
water commissioners of the defendant corporation. By the
terms of that contract he granted to the city the right to lay
iron pipes for the conveyance of water across his lands, and
when occasion should require to alter, repair, replace, remove
or add to such pipes, subject to the payment of any damage
done thereby. The city paid to the plaintiff $350 for the
right thus granted, and further covenanted to pay to him "a
fair and just compensation for any damage" that might accrue
"by the breaking, bursting or leakage of said water pipes, or
any of them, or from any other cause." It was then agreed,
so far as these possible and prospective damages were con-
cerned, that if the parties could not agree upon the amount
the damages should "be appraised and fixed by two disinterested
persons, one to be selected by each party, and, in case they
cannot agree, by an umpire to be selected by them, and the
award of two of the three thus selected," it was declared should
be "final and conclusive."

It seems to us quite clear that this agreement, properly
construed, does not make the award of the arbitrators a con-
dition precedent to the right of recovery. The grant itself
was subject to any damage that might accrue, and if it was
suffered the city covenanted to pay a just and fair compensa-
tion therefor. That covenant stands without limitation upon
it. Not such sum as arbitrators might award, but a fair and just
compensation for the injury sustained was what the city agreed

to pay and the stipulation for an appraisal became a collateral covenant fixing a mode of ascertaining the amount already agreed to be paid.

The arbitration contract was executory, prospective and general. It looked forward to the possibilities of the future, and to subjects of controversy not then in existence, not certain to arise, but contemplated as possible contingencies. It related to and covered not merely such damages as sprang from the express stipulations of the contract, and which could only be recovered because of the covenant, but to damages arising from "any other cause." If, during the process of construction and before the pipes were all connected, the water was negligently or willfully turned into them; or if, after opening trenches for the pipe, the city negligently delayed the work of construction so that for a long and unreasonable period the plaintiff was obstructed in the use of his land, or if, in the process of construction, pipes of insufficient strength were carelessly used, or imperfectly and negligently put together so that injuries resulted; for all these things the plaintiff had a remedy, and a right of action not at all depending upon the provisions of the contract relative to future damages, but equally recoverable had those provisions never at all existed. And so the appraisal was not limited to causes of action which the instrument created, but covered all which might accrue "from any cause," and embraced actions founded upon negligence and not dependent for vitality upon the contract stipulations. And while it may be that injuries from negligence could be redressed under the terms of the agreement which are very broadly expressed, yet the right of recovery existed outside of the agreement and was not created by it. The arbitration, therefore, was not confined to rights created by the contract, but covered all possible injuries flowing from the construction and maintenance of the pipes of every class and kind.

The distinction between executory agreements of arbitration which oust the court of jurisdiction, and, therefore, are rejected as a bar, and those which are sustained as the sole

remedy between the parties, is carefully drawn and fully discussed in *Delaware & Hudson Canal Company* v. *Pennsylvania Coal Company* (50 N. Y. 250). In one class, it is said, "the parties undertake by an independent covenant or agreement to provide for an adjustment and settlement of all disputes and differences by arbitration, to the exclusion of the courts; and in the other they merely, by the same agreement which creates the liability and gives the right, qualify the right, by providing that before a right of action shall accrue certain facts shall be determined or amounts or value ascertained, and this is made a condition precedent, either in terms or by necessary implication." To that authority and its statement of the distinction nothing for any present purpose needs to be added. The agreement here belongs in the first class. It submits all controversies which may arise in the future out of the grant made to arbitration and totally irrespective of the question whether the rights sought to be vindicated shall prove to be the creation of the contract or have an independent existence under the law as administered by the courts; and it does not, either expressly or by fair implication, qualify the absolute right to a just and fair compensation by making an award a condition precedent to its recovery.

The case, therefore, was rightly decided, and the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.