92   301
158a  356

PATRICK  PRESTON, Respondent, *v.* THE  CITY  OF  SYRACUSE,
Appellant.

*Building  contract — claim by a contractor for extra work caused by a failure to pro-
tect work done before the date of his contract — arbitration clause as to extra work
— a provision for an arbitration does not create a condition precedent — waiver.*

Prior to December, 1892, the board of education of the city of Syracuse entered into a contract with Isley and Dixon to build a school house, but the contractors having abandoned the contract when the building was partially constructed, the board, on December 31, 1892, entered into a contract with Patrick Preston to complete the mason work, one of the provisions of which contract required the building to be taken down, so far as regarded the walls, to the water table, and a clause in the specification provided that "Particular care

must be taken of all the finished work as the building progresses, which work must be covered up and thoroughly protected from injury or defacement during the erection and completion of the building."

The beginning of the work was necessarily postponed until March, when it was discovered that the inside walls had been injured by water and frost during the winter, and Preston was directed to take down and rebuild the defective inside walls and he subsequently brought an action to recover for work, labor and materials done, performed and furnished in so doing, on the ground that such alteration was extra work;

*Held,* that the plaintiff was not responsible for the neglect of the original contractors or of the architect in not having properly protected the walls existing when he made his contract;

That the finished work which he was bound to protect, under the specifications, was only the work which he had done himself.

A clause in the contract provided that the value of any changes in the work was to be mutually agreed on in writing between the architect and the contractor beforehand; that in default of such agreement the fair value of the same, as determined by the architect, should be added or deducted as the case might be, but that, if any dispute arose respecting the value as thus determined, then the same should be valued by two competent persons, one employed by the proprietor and the other by the contractor, and that these two should have power to name an umpire whose decision should be final. Upon the trial of the action the plaintiff's claim for this extra work was disputed upon the ground that its value had not been determined under this clause. The architect, however, testified that he could not determine the value in advance, and the plaintiff testified that, at the request of the architect, he kept an account of the material and labor furnished for such work, made out a bill for it and delivered it to the architect. It did not appear that the bill was disputed; the position taken by the defendant being that it was not liable for any amount.

*Held,* that it was doubtful whether the obtaining of an adjustment of the value of the extra work from the architect, or by arbitration, was necessary as a condition precedent to a right of action, but that, even if it were necessary, there was in this case sufficient evidence of a waiver of the condition.

APPEAL by the defendant, The City of Syracuse, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Onondaga on the 20th day of March, 1895, upon the verdict of a jury rendered by direction of the court after a trial at the Onondaga Circuit.

This action was brought to recover for extra work alleged to have been performed by the plaintiff under a contract entered into between the plaintiff and the city of Syracuse for mason work on a school building in process of erection by the board of education of the city of Syracuse.

*Charles E. Ide,* for the appellant.

*M. E. Driscoll,* for the respondent.

MERWIN, J. :

Prior to December, 1892, the board of education of defendant entered into a contract with Isley & Dixon for the construction of a brick school house on Montgomery street. The building was partially constructed, and then, in December, 1892, the contractors abandoned the contract. On the 31st of December, 1892, the board of education entered into a contract with the plaintiff to complete the mason work of the building in accordance with the plans and specifications of the architects for a certain sum. In the specification was the following clause : "Note.— Building at present up to first floor joists. All outside brick walls to be taken down to water table." There was also the following clause : "Particular care must be taken of all the finished work as the building progresses, which work must be covered up and thoroughly protected from injury or defacement during the erection and completion of the building."

The time at which the work under the plaintiff's contract should be commenced was not specified in the contract. Soon after the contract was made the plaintiff applied to the architects for leave to go on, but, by reason of the weather and the impracticability of then ascertaining to what extent the walls already up might be injured by the frost, it was deemed best to postpone the work until spring, and the work was not commenced until the latter part of March. It was then discovered that it was necessary to take down to some extent the inside walls and rebuild them before the plaintiff could proceed to the completion of the building from the point to which it was completed at the time the contract was entered into. It was shown that such inside walls had become defective by reason of the action of water and frost during the winter. When the situation was ascertained the plaintiff was directed by the board of education and by the architects to take down and rebuild the defective inside walls. This he did, and in this action seeks to recover the expense in labor and materials of doing it. He showed the expense to be $600.50, and that no part had been paid. On the part of the defendant the value of the work and materials was shown

to be $524.40, and for this sum and interest the verdict was ordered. The defendant asked to go to the jury " on the question as to whether the injury to these walls resulted from the failure upon the part of Mr. Preston to protect the work then completed at the time he took the contract, which was the thirty-first of December." This the court refused, on the ground that the plaintiff was under no obligation under the specifications or the contract to protect the work then constructed. The exception by the defendant to this raises the main question in the case.

It was quite apparent, as the court said, that the defective condition of the inside walls was due to the unprotected condition of the work during the winter. The claim of the defendant is in effect that it was the duty of the plaintiff immediately upon the execution of his contract to investigate and see if the work already done was properly protected, and to remedy any defect in that line. The contract did not impose that duty on him. The clause as to care of finished work related to his own work to be done under the contract and not to what had been previously done by some one else. The architect called as a witness for the defendant testified that " when he (plaintiff) took that contract he was to tear down the outside wall of the building from the first floor joists down to the water table and relay it. Everything else was all in good shape up to that point, but the outside was not laid right. We put it in the specifications that the outside wall would have to be taken down to the water table and relaid. In other words, the other walls looked all right up to that time. Q. That was the understanding when you made the contract ? A. Yes, sir." Nothing seems to have been said to plaintiff about protecting the work of his predecessor. The architects had as good or better means than the plaintiff had for knowing whether the walls were or were not adequately protected. The court did not, we think, err in holding that the plaintiff was not responsible for the neglect of the original contractor or of the architects in not having the walls properly protected.

Clearly the work in question was outside of the work for which the price named in the contract was to be paid. The defendant, however, claims that the plaintiff cannot recover because the value of the extra work was not before suit determined by the architects or by arbitrators in case of dispute as to the value, in accordance

with the provisions of the contract on the subject of extra work. The clause of the contract on which this claim is based provides that in case changes are ordered " the value of such changes to be mutually agreed on in writing between the architects and contractor beforehand; in default of such agreement in writing, the fair value of the same, as determined by the architects, shall be added to or deducted from the contract price, as the case may be; but should any dispute arise respecting the value as so determined, then the same shall be valued by two competent persons, one employed by the proprietor and the other by the contractor, and these two shall have the power to name an umpire, whose decision shall be binding on all parties."

The architect Merrick testifies that it was practically impossible to estimate beforehand how much the cost or value of the change in question would be. According to the evidence of the plaintiff, which is not denied, he, at the request of the architects, kept track of the material and labor furnished for the particular work in question, and when the work was done he made out a bill of it and delivered it to the architects in August. This suit was commenced in December. There is no evidence that the amount was disputed, but the position of the defendant or those representing it was that they were not liable at all. The plaintiff may well have believed that he had done all that was required in regard to fixing the amount. Besides, at the trial at the close of the evidence, the only question then raised was that the plaintiff could not recover by reason of his neglect to protect the walls from the date of his contract. On the motion for nonsuit the question that the amount had not been properly ascertained was not specifically raised.

We are inclined to the opinion that, under the ruling in the case of *Seward* v. *City of Rochester* (109 N. Y. 164), the obtaining of an adjustment of the value by the architects or by arbitration was not a condition precedent to a right of action. Assume, however, it was, there is evidence tending to show a waiver. So that the motion for a nonsuit was properly denied, and as at the close of the case no point was made as to this and no request to go to the jury on the subject, the defendant will be deemed to have assented to the disposition by the court of any question that may have existed on the subject.

We find no good reason for reversing the judgment, and it should be affirmed.

HARDIN, P. J., and PARKER, J., concurred.

Judgment affirmed, with costs.