SUTRO v. H. W. BALK, Inc.

(Supreme Court, Appellate Term, First Department. February 16, 1915.)

CONTRACTS (§ 127*)—STIPULATION FOR ARBITRATION—VALIDITY.

A clause in a contract for the adjustment of all differences between the parties by arbitration is invalid, and does not bar an action on the contract.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 608–615; Dec. Dig. § 127.*]

Appeal from City Court of New York, Trial Term.

Action by Leopold Sutro against H. W. Balk, Incorporated. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial granted.

Argued February term, 1915, before GUY, PENDLETON, and SHEARN, JJ.

Chadbourne, Hunt & Jaeckel (Albert F. Jaeckel and Minturn De S. Verdi, both of New York City, of counsel), for appellant.

Caldwell & Banister, of New York City (Charles Caldwell, of New York City, of counsel), for respondent.

GUY, J. The action was brought to recover for goods sold and delivered. The answer, among other things, set up a counterclaim based upon the contract sued upon, which contained the following clause:

"Any differences arising under this contract do not invalidate the same, and are to be adjusted by arbitration unless otherwise settled."

The reply admitted the contract. The court dismissed the complaint, on the ground that the action was barred by the arbitration clause of the contract.

An arbitration clause in a contract, withdrawing all possible differences arising or to arise thereunder from the courts and agreeing to submit them to arbitration, is invalid. National Contracting Co. v. H. R. W. P. Co., 192 N. Y. 211, 219–221, 84 N. E. 965; Meacham v. Jamestown, 211 N. Y. 346, 350–352, 105 N. E. 653; Seward v. City of

Rochester, 109 N. Y. 164, 168, 169, 16 N. E. 348; President D. & H. Canal Co. v. Pa. Coal Co., 50 N. Y. 250, 258.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.