ZEBULON WILSON, Respondent, *v.* GUERNSEY CURRAN, Appellant.

Second Department, February 13, 1920.

Contract — action to recover for work, labor and services in constructing road — evidence justifying recovery — failure of contractor to produce architect's certificate excused — counterclaim for completion of work by owner on contractor's account — evidence — architect's certificate authorizing owner to complete work — immaterial error in rejecting evidence.

Action to recover contract price of work performed and materials furnished by the plaintiff in building a road for the defendant. Evidence examined, and *held*, to justify a finding that the plaintiff had properly performed and was entitled to recover.

Although the contract required the plaintiff to obtain an architect's certificate showing that the work was properly performed in order to be entitled to the final payment the failure to produce such certificate is excused where it appears that there being a controversy between the parties as to whether the work were properly performed the defendant arbitrarily required the whole road to be plowed up and rebuilt so as to practically terminate the authority of the architect to issue the certificate and on his own initiative employed another contractor to do said work.

Where a contractor has performed work so as to entitle him to such certificate, the refusal of the architect to give the certificate is unreasonable and the contractor is excused from its production.

A counterclaim by the owner for completion of the work on the contractor's account, although set forth in a supplemental answer and resting in part upon facts that occurred after the action was begun, was sufficiently pleaded, for it is not necessary that a counterclaim under subdivision 1 of section 501 of the Code of Civil Procedure should have existed in its entirety at the time of the commencement of the action. It is enough if it is included within the pleadings as they exist when the action is tried.

Where the contract entitled the owner, on the refusal of the contractor to properly perform the work as certified by the architect, to complete the same on the contractor's account, it was error to exclude an architect's certificate offered by the owner which authorized him to complete the work on the contractor's account.

But the error in rejecting such evidence is immaterial where the facts justified a finding that the contractor had properly performed the contract so as to be entitled to recover as it was equivalent to a finding that a default did not exist.

PUTNAM, J., dissents, with opinion.

APPEAL by the defendant, Guernsey Curran, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Nassau on the 25th day of September, 1918, upon the report of a referee appointed to hear and determine the issues.

The first cause of action stated in the complaint was to recover an amount alleged to be due upon a contract for the construction of a road by plaintiff upon defendant's premises. The answer denied the performance of the contract, alleged that the plaintiff had not obtained the architect's certificate of completion, which was a condition to his recovery, and contained a counterclaim for the amount alleged to have been expended by defendant in completing the contract. The judgment dismissed the counterclaim upon the merits and awarded to plaintiff the sum of $8,507.08 damages and costs.

The complaint contained three other causes of action, regarding the disposition of which no question is raised on this appeal.

*Paul Armitage,* for the appellant.

*I. L. Broadwin* [*Charles T. McCarthy* with him on the brief], for the respondent.

·BLACKMAR, J.:

The performance of the work by the plaintiff according to the contract except a small part waived by the defendant, was found as a fact by the referee on conflicting evidence. Without reviewing the evidence in detail, it is sufficient to say that it does not so preponderate in favor of the defendant as to require a reversal of the finding. The power of an appellate court to review the facts should·be sparingly exercised, and only in cases where the finding is plainly against the weight of evidence. A printed record is a poor substitute for oral testimony of living witnesses heard by the trier of the fact in the presence of watching counsel.

On the subject of the architect's certificate there remain two questions that require examination.

The contract required that the work should be performed under the direction and to the satisfaction of the landscape architect or his deputy, acting for the purpose of the contract as agent of the owner, and that when the work called for and specifically ordered should have been completed, and such completion should have been certified by the landscape architect, and all the terms of the contract should have been complied with, eighty per cent of the total amount of the work done would be paid and the remaining twenty per cent would be retained for thirty-three days after all the provisions of the contract should have been complied with.

The contract, therefore, requires the architect's certificate as a condition to the final payment, which is sought to be enforced in this action. The plaintiff did not produce the architect's certificate and the court, following the allegation of the complaint, found that it was wrongfully, willfully and without just cause withheld, and that the plaintiff might recover upon proof of substantial performance without obtaining the certificate.

The plaintiff's evidence tended to show that the road was complete except as to a quarter inch of screened gravel and the surfacing on the courts, both of which items had been, at the request of defendant, postponed until the buildings were completed. The work was accordingly interrupted from the latter part of April, 1915, to the spring of 1917, when the question arose as to whether the work was completed according to the specifications, the principal claim of the defendant being that the requirement of the contract that the road should be laid with five and three-quarters inches of Peekskill gravel, properly rolled, was not complied with in that the amount of gravel was insufficient and improperly distributed. While the discussion was proceeding between the architect, the defendant and the plaintiff as to what, if anything, the plaintiff should do to finish the work according to the contract, and after the plaintiff had agreed to supply more gravel and had actually ordered the same, the defendant said he would pay nothing more unless the whole road was plowed up and rebuilt. In so doing he took the matter out of the architect's hands and decided for himself a question that he had agreed to leave to the architect. The architect was the arbitrator between the parties as to whether the contract was completed, and was competent to act although in the employ of the defendant and acting as his agent; but the arbitrary act of the defendant in requiring the road to be plowed up and rebuilt practically terminated the authority of the arbitrator.

The finding that under these conditions the certificate was withheld wrongfully, willfully and without just cause was warranted. (*Nolan* v. *Whitney*, 88 N. Y. 649; *Thomas* v. *Stewart*, 132 id. 580; *MacKnight Flintic Stone Co.* v. *Mayor*, 160 id. 72; *Whiteman* v. *Mayor, etc.*, 21 Hun, 117; *Thomas* v. *Fleury*, 26 N. Y. 26; *Bowery National Bank* v. *Mayor*, 63 id. 336.) These cases seem to establish the proposition that where the plaintiff has performed the work so as to entitle him to the certificate, the refusal of the architect to give the certificate is unreasonable and the plaintiff is excused from its production. The case of *Thomas* v. *Fleury* (*supra*) is in principle very like the case at bar, for it holds that as the direction of the defendant was such as to require the plaintiff to depart from the terms of the contract, the

failure to produce the architect's certificate of performance was not fatal to the plaintiff's recovery.

The fact that the defendant refused to make further payments unless the plaintiff would plow up the road and rebuild it is not specially found by the referee, but his opinion shows that it was an element in his decision. I think that the finding should be made in terms, although perhaps it might be treated as evidence to sustain the finding that the certificate was unreasonably withheld.

The departure of the authorities from the strict application of the rule that as the architect is the arbitrator his determination cannot be impeached except for fraud, misconduct or palpable error on the face of the certificate (See *Sweet v. Morrison,* 116 N. Y. 19; *Matter of Wilkins,* 169 id. 494) is due, I think, in part at least, to the fact that in these contracts the architect is employed and paid by the owner. The tendency of the courts, therefore, is to confine the rule that his determination is conclusive between the parties as closely as possible to the wording of the contract. The result is that where the facts show that the duty rested upon the architect to issue the certificate, his failure so to do will be held to be unreasonable and the contractor relieved from the condition that it must be obtained. It is a rule growing out of the practical difficulty of the architect's serving two masters, and the milder word " unreasonable " is under the circumstances preferred by the courts to the words " constructive fraud."

Article IV of the contract, upon which the counterclaim was founded, provides that " Should the contractor at any time refuse or neglect to supply a sufficiency of properly skilled workmen, or of materials of the proper quality, or fail in any respect to prosecute the work with promptness and diligence, or fail in the performance of any of the agreements herein contained, such refusal, neglect or failure being certified by the Architect, the Owner shall be at liberty * * * to provide any such labor or materials; * * * and if the Architect shall certify that such refusal, neglect or failure is sufficient ground for such action," the owner may terminate the contract and complete on the contractor's account.

This action was commenced on May 10, 1917. On May

11, 1917, the architect made a certificate in form as provided in the contract to authorize the owner to complete on the contractor's account. The owner employed a contractor from Boston, John H. Sullivan, who plowed up and rebuilt the road at an expense of $12,697.96, which the architect certified was the reasonable amount required. Such certificate, if regularly made, was conclusive upon the plaintiff by the terms of the contract. The certificate of May eleventh was offered in evidence and was excluded on objection by the plaintiff. This certificate should have been received in evidence. A counterclaim was interposed pursuant to subdivision 1 of section 501 of the Code of Civil Procedure. It was a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim. In a counterclaim pleaded under this subdivision of the section, it is not necessary that it should have existed in its entirety at the time the action was started. It is enough if it is included within the pleadings as they exist when the action is tried. In this case the counterclaim was set forth in a supplemental answer and rested, in part at least, upon facts that occurred after the action was begun. I see no reason why the certificate should not have been received in evidence. It must be proved in order to sustain the counterclaim, for without it the counterclaim could not exist. The fact that the architect made the certificate in form as authorized by the contract is certainly relevant to the issues raised by the counterclaim and reply. The potency of the certificate depends on whether the conditions to the architect's right to issue it existed. According to the plain wording of the contract, the power of the architect to issue the certificate depends on the condition that the contractor shall have refused or neglected to supply a sufficiency of properly skilled workmen, or of materials of proper quality, or shall have failed in any respect to prosecute the work with promptness and diligence, or shall have failed in the performance of any of the conditions contained in the contract. Whether any of these defaults existed was a question of fact, and I do not find in the contract any provision authorizing the architect to decide such question. If the default exists in fact, the right of the owner to supply the materials at the expense of

the contractor depends upon the architect's certificate, and such certificate is a condition precedent to the exercise of that right; and, if the default exists in fact, the architect may conclusively determine that it is sufficient to authorize the owner to terminate the contract and complete at the contractor's expense. The referee has found, upon evidence sufficient to sustain the finding, that the contractor had not defaulted, so that the error in excluding the certificate is immaterial. The right of the owner to complete at the contractor's expense depended upon a default of the contractor which the architect should certify was sufficient to justify that course. As the default did not exist, the owner plowed up and rebuilt the road on his own account and the counterclaim was properly dismissed.

The judgment should be affirmed, with costs; and this court makes the additional finding that during the month of April, 1917, and after the plaintiff had agreed to make certain repairs as a condition to receiving the final certificate, the defendant refused to make further payment unless the plaintiff would plow up and rebuild the whole road.

JENKS, P. J., MILLS and RICH, JJ., concur; PUTNAM, J., reads for reversal.

PUTNAM, J. (dissenting):

This is an instance where under the finding of " substantial performance " the learned referee has sought to make for the parties a new and different agreement from this written contract to build a concrete road. It contained minute and explicit provisions for excavation and removal of loam and vegetable matter to a depth of twenty-four inches, with a filling to a subgrade laid evenly six inches below the top, which was a completed surface grade, formed from a layer of Peekskill gravel to be five and three-quarters inches thick after rolling.

In December, 1915, this work was suspended by consent, the top courses not yet being finished. There was minor work done about a court and garage in September, 1916. In the following winter, defects appeared, so that in April, 1917 (about the eighth), the parties met with the architect and

engineer in attendance. The spring season made a time of urgency. Plaintiff admitted that he had not replaced the three inches of gravel removed. The parties reached an agreement, evidenced by a letter. Plaintiff was to have a payment of $4,000. He was to put the road in condition, repair the drive and fix the gutters. This was in writing, and in confirmation plaintiff wrote: " I am still holding good to my agreement and ordered by phone shortly after my conversation with you, 60 yds. of Peekskill Gravel and 120 yds. of Peekskill Screenings, with which to repair the drive as to my agreement."

Acting on this, defendant, on April thirteenth, sent plaintiff his check for $4,000.

Plaintiff, however, did nothing. He even countermanded his order for Peekskill gravel.

There was a further interview on the road, when borings were made and excavations had, showing alleged deficiencies and irregularities in the depths and in the materials found. This was after May tenth, as plaintiff finally admitted, when recalled on rebuttal. Besides plaintiff and defendant, there were present Bushnell, the engineer, Harrington, the surveyor, and Sargent, the architect's assistant. After making many borings it was suggested that the road should be plowed up, although defendant held out to plaintiff that if he furnish the surface material, with oil to help bind it, it might be satisfactory. Plaintiff then stated that he would have to consult his lawyer. But again he refrained from doing anything to complete his job.

This action had then been begun. On the next day the architect sent to plaintiff a formal default notice as the contract provided; also concurrently issued to defendant the usual certificate by which was attested that such default was sufficient ground for terminating plaintiff's employment. Notwithstanding the positive terms of the contract, this certificate was not admitted and was ignored in passing on the evidence.

Such efforts of a trial court to soften the conditions of a building contract (*Zimmermann* v. *Jourgensen*, 70 Hun, 222; affd., 144 N. Y. 656; *Spence* v. *Ham*, 163 id. 220; *Witt* v. *Gilmour*, 172 App. Div. 110) have uniformly been disapproved.

I think road construction is subject to like conditions, especially when the work was never accepted but had' to be done over. When the magnitude of plaintiff's omissions had appeared, the referee even ruled out the architect's certificate, which the contract had made final. Here was non-performance of the original contract; then a default in putting in the gravel in April; with a final refusal of defendant's offer to take an oiled surface.

I vote to reverse, and to send back the case for retrial.

Judgment affirmed, with costs, and additional finding made.