Beaver Engineering and Contracting Company, Appellant, *v.* The City of New York, Respondent.

First Department, July 2, 1920.

Contracts — action to recover for services in making excavation for reservoir — contract construed — effect of practical interpretation of contract by parties.

In an action to recover for excavating under a contract between the plaintiff and defendant for the construction of a reservoir, the contract examined, and *held,* that it was the intention of the parties that all

shallow flowage excavation was to be paid for at the rate of twenty-four cents per cubic yard, whether the material so obtained was used in the construction of dikes and embankments or for other purposes, and that the plaintiff was not entitled to be paid at a higher rate for shallow flowage excavation where the material so obtained was used for the treatment of the reservoir bottom.

If there be any doubt as to the construction of the contract, the practical interpretation thereof by the parties would seem to be determinative of the question.

LAUGHLIN, J., dissents.

APPEAL by the plaintiff, Beaver Engineering and Contracting Company, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 21st day of March, 1919, upon the verdict of a jury rendered by direction of the court.

The ground of the appeal is that the damages are insufficient.

*Franklin Nevius* of counsel [*Alfred C. Petté* with him on the brief], *Kellogg & Rose,* attorneys, for the appellant.

*Willard S. Allen* of counsel [*John F. O'Brien* and *James A. Donnelly* with him on the brief], *John P. O'Brien, Corporation Counsel,* for the respondent.

SMITH, J.:

The action is brought to recover the sum of $110,000 and upwards for work done under a contract between the plaintiff and the defendant for the construction of a reservoir with appurtenances known as Silver Lake Reservoir in the borough of Richmond, in the city of New York. By stipulation made after the commencement of the action there was paid the sum of $91,750, leaving a balance claimed of $18,349.90. This balance consisted of four items. For three of these items recovery was allowed and judgment directed in plaintiff's favor to the amount of $282.75. The other item as to which the court below held against the plaintiff was a claim for 14,555.71 cubic yards of excavation which plaintiff claims should have been allowed to it as " miscellaneous excavation " at the contract price for that item of one dollar and forty-eight cents per cubic yard, but which through, as claimed, a misconstruction of the contract, the engineer estimated as " shallow flowage excavation " at twenty-four cents per cubic yard;

First Department, July, 1920.        [Vol. 192.

the difference between the two is one dollar and twenty-four cents per cubic yard and amounts to $18,049.08. It is the refusal to permit plaintiff to recover on this item at the rate of one dollar and forty-eight cents per cubic yard that is the basis of the appeal.

By article 30 of the contract there were four different classes of excavation. Item 1. For clearing and grubbing, for which the sum of forty dollars per acre was allowed. Item 2. For removal of top-soil, for which the sum of thirty-five cents per cubic yard was allowed. Item 3. For miscellaneous excavation, for which the sum of one dollar and forty-eight cents per cubic yard was allowed. Item 4. For shallow flowage excavation, for which the sum of twenty-four cents per cubic yard was allowed.

This reservoir was constructed in a place that was partly covered by a lake. It was contemplated that the bottom of the lake might contain material which would be objectionable in a reservoir, and it was contemplated that this material might be ordered removed or be ordered covered by the engineer, and so section 23 of the specifications is in reference to treatment of the reservoir bottom. In that section it is provided: " In portions of the reservoir area, particularly the bottom of the existing lake, it may be necessary to remove or cover objectionable materials or to fill depressions, besides excavating the top-soil. Such excavations or fills shall be made as directed and shall be paid for under the appropriate items for removal of top-soil, for excavation, or refill and embankment. It is expected that the top-soil to be excavated from some portions of the reservoir bottom may be several feet in thickness."

The specifications then take up the question of clearing and grubbing, as item 1, the question of the removal of top-soil, as item 2, the question of miscellaneous excavations, as item 3, and under item 3, is specified section 3.1, as follows: " Under Item 3 the Contractor shall make all ordered excavations in open cut, in whatever materials, not included in Items 2 and 4, for the reservoir, chambers, conduits, foundations for embankments, treatment of reservoir bottom, roads and for miscellaneous purposes." Thereafter the specifications provide for shallow flowage excavation as item 4, and under section 4.1 it is provided: " Under Item 4, the Contractor shall make

the excavations to prevent shallow flowage specified in Section 25. The quantities of excavation ordered to prevent shallow flowage will be sufficient to provide materials for completing the dikes. The character of the contemplated excavations is indicated on Sheet 7, by typical sections, but their exact shapes as controlled by developments of construction may involve less or greater excavations than those indicated."

Section 25 in part provides as to " shallow flowage excavations :" " Excavations to prevent shallow flowage are to be made along the easterly side of the reservoir, as indicated on the drawings. *Shallow flowage excavations in excess of the minimum requirements may be made for the purpose of obtaining materials*, but shall be so conducted as to leave the finished flow line in an acceptable shape. Payment for such excavation shall be made under Item 4."

The foregoing provisions of the contract are all to which our attention has been called as bearing upon the question here to be decided. The contention of the contractor, the appellant in this case, is that the excavation for material as provided in section 4.1 of the specifications is limited to material for dikes, and that the excavations for the treatment of the reservoir bottom is governed by section 3.1, specifically. If the contention of the contractor be right, then it will be entitled to payment at the rate of one dollar and forty-eight cents per cubic yard. The city, on the other hand, contends that this excavation was directly within section 25 of the specifications in reference to shallow flowage excavations, and was to be paid for at the rate of twenty-four cents per cubic yard.

In my judgment the appellant's construction of the contract is not sustained. Shallow flowage excavation is primarily made for the purpose of removing noxious weeds and growth which might make impure the water of the reservoir. It is specifically provided that so much shall be excavated upon the eastern side of the reservoir as shallow flowage excavation as shall be necessary for the making of the dikes. There is a further provision in section 25 of the specifications that shallow flowage excavations in excess of the minimum requirements " may be made for the purpose of obtaining materials." There is no other specific provision in the specifications or in

the contract for excavations for the purpose of obtaining materials for fill-ups, for embankments, dikes, or any other purpose, unless such an inference may be drawn from section 3.1 of the specifications which has been quoted. It is very natural that the city should provide for this shallow flowage excavation, not only for the purpose of removing noxious weeds and other substances near the surface, but for material to be used as fill-ups as it increases the capacity of the reservoir, and it is very natural that the contract should contemplate that all material which should be necessary·for fill, for embankment, or for any other purpose, should be taken from this shallow flowage ground. If the contention of the appellant be sustained, then the dirt excavated for the purpose of dikes or embankments from this shallow flowage ground was to be paid for at twenty-four cents per cubic yard, while the same dirt excavated for the purpose of covering the reservoir bottom almost adjoining this ground must be paid for at the rate of one dollar and forty-eight cents per cubic yard. This proposition presents a strange anomaly. There is no reason why there should be any distinction between dirt excavated from this one place ·for the purpose of embankments or dikes, and dirt excavated from the same place for the purpose of covering the reservoir bottom. It is not conceivable that it was the intention of the parties to the contract to make that distinction. There can be no difference in the expense of excavating for dikes and embankments and in excavating for material for cover of this muck land. If there be any difference in the cost of transportation it must be in favor of the excavation for this cover. That dirt must be hauled only to another part of the same reservoir, while the dirt for dikes and embankments must be hauled to the limits of the reservoir. It must require some substantial reason to convince the court that there was an intention of paying twenty-four cents per cubic yard for excavation for one purpose and one dollar and forty-eight cents for excavation from the same place for another purpose.

But appellant contends that under section 3.1 of the specifications miscellaneous excavation for which one dollar and forty-eight cents per cubic yard is allowed, is provided for the " treatment of the reservoir bottom." Technically the treatment of the reservoir bottom could be made either by excava-

tion or by cover.   Under section 3.1, every other purpose for which excavation is there specifically provided is excavation *for the purpose of excavation only* and not for the purpose of obtaining material for fill-ups, embankments or any other purpose, and such excavation to my mind is the excavation intended to be provided for by section 3.1.   If in the treatment of this reservoir bottom the contractor was required to excavate this muck land he would have been allowed one dollar and forty-eight cents per cubic yard for that purpose.   Any other excavation that is made for the purposes alone of removing the earth would entitle him, under miscellaneous excavation, to this one dollar and forty-eight cents.   It is significant, however, that it is specifically provided in section 25 that excavation may be made upon shallow flowage land " for the purpose of obtaining materials."   The plaintiff contends that that is only for the purpose of obtaining material for dikes or embankments, but there is no such limitation in the section.   By section 4.1 it is allowed to obtain material for dikes from shallow flowage land, but that constitutes no limitation upon the general provision of section 25, which allows excavation from shallow flowage land generally for the purpose of obtaining material and specifically provides that payment therefor shall be at the rate provided for shallow flowage excavation, or the rate of twenty-four cents per cubic yard.   Under section 3.1 there is no provision for excavation for the specific purpose of obtaining material.   The provision therein " for miscellaneous purposes " must be construed *ejusdem generis*, and that section should be deemed to provide as miscellaneous excavation simply the excavation made for the sole purpose of removing the earth, whether in places other than the reservoir or in the treatment of the reservoir bottom, and excavation for the purpose of obtaining material for any purpose must be deemed to come within the specific provision of section 25 which provides that such excavation shall be made from shallow flowage land at the rate provided for in section 4.1.

This conclusion is strengthened by the practical interpretation given to the contract by the parties themselves.   In four monthly statements this excavation was classified as shallow flowage excavation.   They were received by the plaintiff and settlements made thereupon without any claim

upon the part of the plaintiff that they were not properly so classified. If there be doubt as to the construction of the contract in this classification, this practical interpretation put upon the contract by the parties would seem to be determinative of the question.

In my judgment, therefore, the learned court below properly held that the plaintiff was only entitled to the sum of twenty-four cents for the excavation made for the purpose of covering the reservoir bottom.

The judgment should, therefore, be affirmed, with costs.

Clarke, P. J., Merrell and Greenbaum, JJ., concur; Laughlin, J., dissents.

Judgment affirmed, with costs.