### HART v. AMERICAN CONCRETE STEEL CO.

(District Court, E. D. New York. July 9, 1921.)

1. **Contracts ☞170(1)—Construction by parties may govern where provision is ambiguous.**

   Where a provision of a contract is susceptible of two meanings, the interpretation given it by the parties may properly be adopted.

2. **Contracts ☞305(1)—Delay in work is waived by permitting contractor to proceed and complete contract.**

   Delay in doing work under a contract is waived, where the contractor is permitted to proceed and complete the work, and cannot be set up as a defense to an action for the contract price.

3. **Account stated ☞7—Demand for less amount held not to bar recovery of amount justly due.**

   A demand for a less amount does not preclude recovery by a contractor of the amount due under the contract for work done.

4. **Contracts ☞289—Failure to obtain architect's certificate held not to bar recovery.**

   Failure of contractor to obtain the architect's certificate of work done, even though required by the contract, does not bar his recovery, provided he was not at fault.

5. **Contracts ☞127(2)—Agreement for arbitration not binding.**

   An agreement in a contract for arbitration of disputes thereunder, which would exclude the parties from recourse to the courts, is not binding.

6. **Contracts ☞303(4)—Implied agreement that work will not be delayed by other party.**

   In every contract for the doing of work there is an implied agreement that the contractor will not be delayed or obstructed by the person for whom the work is to be done.

7. **Damages ☞40(2)—Contractor for work held entitled to damages for delay caused by the other party.**

   A contractor for excavation work *held* entitled to recover damages sustained through delay in his work caused by the other party.

8. **Interest ☞19(2)—Not allowable on unliquidated demand.**

   Interest may be allowed where the sum due is ascertainable by mere computation, but not on a demand for unliquidated damages.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

At Law. Action by Charles F. Hart against the American Concrete Steel Company. Judgment for plaintiff.

L. W. & A. B. Widdecombe, of New York City, for plaintiff.

William S. Haskell, of New York City, for defendant.

GARVIN, District Judge. Plaintiff made a contract with defendant, whereby plaintiff agreed, among other things, to excavate, pump, and backfill in connection with a building erected at Clifton, Staten Island, by Louis De Jonge & Co. A jury was waived by the parties, and the case has gone to trial, on a somewhat complicated state of facts, with defendant practically admitting that an undetermined amount is due. The suit is therefore in the nature of an accounting. The complaint sets forth four causes of action, which will be considered in order.

By the first, plaintiff asserts the right to recover $5,999.95 under a contract which provides that defendant will pay 90 cents per cubic yard for all material excavated to the underside of the first floor and $1.90 per cubic yard for all material below. Plaintiff claims that altogether 18,896 cubic yards were excavated, of which 6,507 are within the former class and 12,359 are in the latter. Defendant admits 18,-627 cubic yards, but contends that 8,699 fall within the first class and 9,928 within the latter. The important question is the agreement of the parties. The contract was made in writing August 10, 1916, and provides that plaintiff shall furnish labor, etc., "in accordance with the plans and specifications prepared for same by Valentine and Kissam, architects, as follows: All work to the underside of the first floor to be done at 90 cents per cubic yard. All other excavation at $1.90 per cubic yard."

The court must determine what meaning is to be given to the expression "underside of the first floor," and what line of division was thereby intended; the question being whether the material included in the space between the top and lower surfaces of the floor falls within the 90-cent or $1.90 class. It may be fairly assumed, unless the contrary clearly appears, that the parties intended to provide for a definite line of division. Plaintiff contends that this is a uniform line, to wit, elevation 105.73. Defendant, on the other, hand, advances the claim that the lower surface of the first floor was intended, notwithstanding the fact that the floor varied in thickness, which would make the line of division inconstant. Plaintiff's construction finds support in a statement appearing in the estimate of quantities to be excavated, attached to and made a part of the specifications, which, with the plans, are a part of the contract and must be read in connection therewith. This estimate contains the expression "to underside of first floor level." Both the foundation and power house foundation plans show only one elevation, to wit, the first floor elevation 105.73. Defendant claims the elevation should be 100, but no such elevation appears in the plans.

[1] Some of defendant's witnesses, on cross-examination, admitted that excavations were made with reference to the elevation 105.73, which is a circumstance to be considered in favor of plaintiff's contention. While the work was in progress, defendant's engineer gave

plaintiff's representative a plan showing certain depths to which the excavation was to be carried, all determined with reference to the elevation 105.73. The evidence discloses, therefore, that "underside of the first floor" was used to indicate "underside of the first floor level"; i. e., elevation 105.73. It is quite clear that the provision in the contract that work "to the underside of the first floor" may mean either to the upper or lower surface thereof, and therefore it is helpful and permissible to ascertain the interpretation given by the parties themselves. Insurance Co. v. Dutcher, 95 U. S. 269, at page 273, 24 L. Ed. 410; Beaver E. & C. Co. v. City of New York, 192 App. Div. 662, at pages 667 and 668, 183 N. Y. Supp. 386. There is also direct testimony in the case that plaintiff himself called defendant's attention to this expression in the contract, and that the parties agreed that the meaning intended was as plaintiff claims. This was denied, but as plaintiff's proof depended largely upon plaintiff's testimony and that of his son (to both of whom I shall later refer), I find for the plaintiff upon that disputed question of fact, and likewise as to the quantity of material excavated.

[2] It now must be determined whether the proof establishes that plaintiff duly performed what was required of him under the contract. This involves a consideration of (1) whether he did the work called for by the contract, as modified; (2) whether the work was done with promptness and diligence; and (3) whether the failure to obtain the architect's certificate bars recovery. From all of the testimony I have been able to reach no other conclusion than that after January 1, 1917, progress was almost continuously impeded and delayed by defendant's failure to lay out the work (which was concededly its duty), and by the presence of rubbish, ice, snow, water, and articles of various sorts in such quantity as prevented plaintiff from carrying forward the excavation and removal of material. If there was delay on plaintiff's part prior to January 1, defendant's conduct in permitting plaintiff to proceed with the contract estops it from interposing the delay as a defense to an action for the agreed price. Deeves & Son v. Manhattan Life Ins. Co., 195 N. Y. 324, 88 N. E. 395.

[3] Letters from plaintiff, written to defendant in May, 1917, which may be interpreted to mean a demand then made for a sum less than he now seeks, do not preclude him from a recovery of his just due. The case of Williams v. Glenny, 16 N. Y. 389, is in point in the determination of this question in a controversy such as is involved in the instant case.

[4] The failure to obtain the architect's certificate, even if it is required by the contract, does not bar recovery, provided plaintiff was not at fault. Gearty v. Mayor, etc., of New York, 171 N. Y. 61, 63 N. E. 804; Caldwell & Drake v. Schmulbach (C. C.) 175 Fed. 429; Wilson v. Curran, 190 App. Div. 581, 180 N. Y. Supp. 337. The architects were requested by plaintiff to furnish a certificate. They did not refuse to do so on the ground that plaintiff had failed to do the work as required by the contract, and the evidence does not justify a finding that such failure in fact existed.

The second cause of action is not disputed, except that a small amount should be deducted from the amount claimed by consent.

The third cause of action is based upon a breach of defendant's agreement to give plaintiff access to the work, for which plaintiff demands damages. The fourth cause of action is similar, except that it is based upon what plaintiff contends was defendant's implied agreement to the same effect. By the terms of the contract, should plaintiff be delayed by defendant, his time would be extended, provided he presented a claim in writing therefor within 48 hours after the delay occurred. I think the provision referring to the delay was intended to mean that the party who is delayed, should a day be fixed for performance, may relieve himself from the possibility of having his contract terminated on the day of performance. The contract itself fixes no date for completion of the work.

[5] All this is upon the merits. But plaintiff's failure to present a claim was not pleaded, and therefore cannot be considered in any event. The arbitration agreement reads:

"In case of failure to agree in relation to matters of payment, allowances, or loss referred to in this contract, or failure to agree under any of the stipulations of this contract, then the matter shall be referred to a board of arbitration."

Even if the arbitration agreement had been pleaded (it was not). this would completely exclude the parties from a recourse to the courts, and is not binding. Seward v. City of Rochester, 109 N. Y. 164, 16 N. E. 348; Mitchel v. Dougherty, 90 Fed. 639, 33 C. C. A. 205. The third cause of action is based upon the following provision of the contract:

"The American Concrete Steel Company agrees to provide all labor and materials essential to the conduct of this work, not included in this contract, in such manner as not to delay its progress, and in the event of failures so to do, thereby causing loss to you, agree that they will reimburse you for such loss; and you agree that, if you delay the progress of the work, so as to cause loss for which the American Concrete Steel Company shall become liable, then you shall reimburse the American Concrete Steel Company for such loss."

[6] The court finds that the defendant delayed plaintiff's progress, and hence a recovery may be had for such damages as are proved. By the same finding a recovery will be allowed under the fourth cause of action, the damages being, of course, identical. In every contract of this nature there is an implied agreement that the contractor will not be delayed or obstructed by the person for whom the work is to be done. Ryder Building Co. v. City of Albany, 187 App. Div. 868, 176 N. Y. Supp. 456; Del Genovese v. Third Avenue Railroad Co., 13 App. Div. 412, 43 N. Y. Supp. 8, affirmed 162 N. Y. 614, 57 N. E. 1108; Norcross v. Wills, 198 N. Y. 336, 91 N. E. 803.

[7] Under these causes of action plaintiff demands:

| | |
|---|---|
| Loss sustained from April 6 to November 10, 1917, due to delay and increased cost of labor paid during that period | $1,039.74 |
| Superintendent's services, same period | 1,496.00 |
| Usable value of derrick from January 20 to August 20, 1917 | 2,715.00 |
| Loss due to suspension of work of steam shovel from June 13, 1917, to June 26, 1917 | 1,580.78 |
| Loss due to enforced idleness of men | 287.91 |

These items of damage were proved. May they be allowed? The plaintiff's work had to do with the excavation. It is reasonable to assume that, the less time he was required to give to the work, the more profitable the contract would become. It is certainly apparent, I think, that unless unusual conditions existed, not here disclosed, he could have had no object in voluntarily prolonging the completion of work of this kind more than a year over the time reasonably required.

Without reviewing the evidence in detail, I shall content myself with the statement that I am satisfied that the proof establishes that plaintiff was ready, willing, and able to complete his part of the work within 30 days, or at most 6 weeks, after January 1, 1917, and that all delays thereafter were caused by incumbrances for which defendant was responsible, and because of defendant's failure to lay out work. In this connection I deem it appropriate to observe that I have accepted as substantially correct the testimony of the plaintiff and his son. Each impressed me as a careful and reliable witness, conscientiously endeavoring to give a truthful statement of the matters concerning which he was questioned, even where the truth was prejudicial. It appears clearly that from January until November, 1917, plaintiff or his son was asking, and even urging, defendant for work and for the removal of incumbrances. These requests were of frequent occurrence. Indeed, at times they were almost daily. The damages proved will therefore be allowed.

This conclusion disposes of defendant's set-off for work done by the latter, which, it is claimed, plaintiff failed to perform. Furthermore, defendant's proof failed to identify with reasonable certainty the work for which defendant seeks a recovery, and therefore does not warrant a finding that the set-off has been established. As an additional reason for the conclusion reached, the contract provided that the defendant give plaintiff a three-day notice, requiring the latter to proceed by a day fixed and indicating the precise work done. The alleged notices were either less than three days, or did not refer to work included in that for which defendant seeks to be allowed a set-off.

[8] Plaintiff demands interest on the entire amount claimed. The rule by which the court must be guided is that interest may be allowed, if the sum due is ascertainable by mere computation; otherwise, not. The first cause of action is for an amount which can be readily ascertained by computation, and it is proper to allow interest thereon; the second cause of action is for a definite amount, and carries interest; the third cause of action, for damages made up of various items, is necessarily, I think, unliquidated, and incapable of determination by market values or arithmetical calculation, and therefore will not carry interest. There is ample authority for the rule stated. See General Supply & Construction Co. v. Goelet, 149 App. Div. 80, 133 N. Y. Supp. 978, and Excelsior Terra Cotta Co. v. Harde, 181 N. Y. 11, 73 N. E. 494, 106 Am. St. Rep. 493, and cases therein cited.

If the foregoing conclusions are correct, plaintiff is entitled to judgment for $13,175.77, with interest on $5,999.95 from April 15, 1918, and interest on $18.55 from January 13, 1917, all to the date of entry of judgment herein; no interest being allowed on $7,157.27.