ADAMS et al. v. INDELLI et al.

(Supreme Court, Appellate Division, First Department.   November 3, 1911.)

1. CONTRACTS (§ 352*)—ACTION ON EXCAVATION CONTRACT—QUESTION FOR JURY—AUTHORITY OF CONTRACTOR.

In an action by a contractor for excavation work to recover for work not required by the contract or the plans, the question as to whether such work was authorized by the employer was for the jury.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 352.*]

2. CONTRACTS (§ 232*)—CONSTRUCTION—EXCAVATION CONTRACTS REFERRING TO PLANS.

A contract for excavation work provided that the contractor was to do all excavating and blasting of all the rock and stone to the depth of eight feet six inches below the curb "according to the plans of the owner of the said premises subsequently to be shown." Held, in the contractor's action to recover extra compensation for the completion of work not referred to in the contract itself, that, as the plans called for work incidental to the main work described therein, the reference to the plans made them a part of the contract, not merely for the purpose of showing the incidental work required to be performed by the contract, which should be construed not as defining with precision the work to be done or the depth to be excavated, but as descriptive merely, and that an additional six inches' depth called for by the plans was not so materially greater as to entitle the contractor to recover for the additional depth as for extra work.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1071–1097; Dec. Dig. § 232.*]

3. CONTRACTS (§ 232*)—ACTION ON EXCAVATION CONTRACT—COMPENSATION.

Where plans for excavation work called for by a contract for such work were delivered to the contractor at about the time of beginning the work, and in fact called for the work claimed by the contractor as extra work, the contractor can recover only for the work actually performed at the rate provided for in the contract, and after acceptance of payment under the contract can recover only the balance due at the contract rate.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1071–1097; Dec. Dig. § 232.*]

Scott and Miller, JJ., dissenting.

Appeal from Trial Term, New York County.

Action by Sandy Adams and another against Minnie A. Indelli and another. From a judgment for plaintiffs, defendants appeal. Reversed, and new trial ordered.

See, also, 129 N. Y. Supp. 1111.

Argued before INGRAHAM, P. J., and LAUGHLIN, MILLER, SCOTT, and DOWLING, JJ.

Charles G. F. Wahle, for appellants.

Mortimer M. Menken, for respondents.

LAUGHLIN, J.   The plaintiffs were copartners engaged in the business of excavating for foundations in the city of New York, and the defendants were general contractors and had taken a contract from the owners of premises on Longwood avenue, Kelly and Beck streets, in the borough of the Bronx, for the excavation for and the con-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

struction of a foundation for a building to be erected thereon. On the 24th day of December, 1908, the plaintiffs entered into a contract in writing with the defendants, by which they evidently intended to sublet to plaintiffs the excavation work. Plaintiffs, however, contend that only part of the excavation work was included in their contract. The part of the contract most material to a decision of the questions presented by the appeal is the first clause, which is as follows:

"That the said parties of the second part herein hereby agree to do all the excavating and blasting of all the rock and stone on the plot 200' x 110' said premises being 200 feet on the south side of Longwood avenue and being 110' on Kelly street and 110 feet on Beck street, in the borough of the Bronx, city of New York, to the depth of eight feet six inches below the curb, of the entire plot, according to the plans of the owner of the said premises, subsequently to be shown."

The plans of the owner, to which the contract refers, provided not only for the excavation of the entire plot of the dimensions stated in the contract, and to the depth therein stated, but to a depth in the main of about six inches more, and further for excavation work connected therewith or necessary for the construction of the foundation for the building, as follows: First, for an areaway on Longwood avenue 200 feet in length by 7 feet in width to the depth of 9 feet; second, an areaway on Kelly street 7 feet in width, 37 feet in length, and 9 feet in depth; third, an areaway on Beck street of the same dimensions; fourth, two boiler pits 37 feet in length by 18 feet 5 inches in width, and of a depth from the highest point of the curb adjacent to the premises, one 18 feet and 10 inches, and the other 14 feet 10⅜ inches; fifth, two elevator pits 6 by 7 feet, 4 feet deeper than cellar bottom; and, sixth, for certain trenches for foundation walls.

[1] The plaintiffs also excavated 2 feet beyond the rear line of the premises described in the contract, for the width of 200 feet and to the depth of 10 feet. This, however, was not required by the plans, and the question as to whether it was authorized by the defendants was properly submitted to the jury, and we find no error with respect to this item.

The action is brought to recover a balance claimed to be due on the contract, and for the excavation work below the depth of 8½ feet and beyond the precise description given in the contract as for extra work. The court ruled as matter of law that this was all extra work, and that the plaintiffs were entitled to recover as compensation therefor the reasonable value of doing the work, which was not governed by the contract price. It was claimed on the part of the plaintiffs, and evidence was given tending to support that view, that they did not see the plans until about the middle of May, 1909, when they had substantially finished the work of excavating the plot of ground of the dimensions specified in the contract, to the depth thereby required, and that it was much more expensive to them to go back and excavate these areaways and to the greater depth than if they had known that it was required at the outset, when they could have done it in connection with the main excavation, and that then it was agreed on the part of the defendants that they should do the other excavating as extra

work and be paid therefor accordingly. On the part of the defendants, this evidence was controverted, and evidence was offered tending to show that before, or at the time, the plaintiffs commenced the work, which the evidence of the plaintiffs indicates was on the 7th and the evidence of the defendants tends to show was on or about the 3d day of January, 1909, a copy of the plans, to which the contract refers, showing that all of this work with the exception of a strip two feet in width in the rear of the plot, was required, was delivered to one of the plaintiffs and by him delivered to their surveyor; that the original plans were in the toolhouse and accessible to plaintiffs during all of the time; that plaintiffs proceeded with the work in their own way and without any interference on the part of the defendants; that considerable of the work, for which a recovery has been had on the theory that it was extra work, was done by the plaintiffs long prior to the middle of May, 1909, at which time they claimed to have first seen the plans; and that they accepted and received pay therefor, without protest, on the basis of the contract price and without making any claim that it was not included in their contract. The evidence also shows that the plaintiffs knew, from their experience in excavating for building foundations, that it was customary for the plans to include excavations for boiler pits and areaways, and that such work is done in connection with the main excavation work; but the court excluded evidence that it was customary for the excavators to have the working plans, on the ground that custom was not pleaded, and excluded a proposed amendment to the answer designed to plead custom, upon the ground that it presented a new issue.

The court in submitting the case to the jury instructed them as matter of law that plaintiffs were entitled to recover for all of these items as extra work, with the exception of the item for excavating two feet in the rear of the premises, which was left to the jury as a question of fact, as already stated. Counsel for the defendants duly excepted to the charge in this regard and requested the court to instruct the jury as follows:

"I ask your honor to charge the jury that if the jury believe that the plans called for by the contract were in fact delivered to the plaintiffs early in January, 1909, and that the work claimed by the plaintiffs as extra work was in fact shown to be called for by the plans, the plaintiffs can recover only for the work actually performed by them at the rate provided for in the contract, and the jury can award the plaintiffs only the balance due them from the defendants at that rate."

This request was declined, and an exception was duly taken. Counsel for the defendants also duly requested the court to instruct the jury on the same point as follows:

"If the jury find that the plans called for by the contract were in fact delivered to plaintiffs early in January, 1909, and that the work claimed by plaintiffs as extra work was in fact shown and called for by the plans, plaintiffs can only recover for the work actually performed by them at the rate of $1.50 per cubic yard, and the jury can award plaintiffs only the balance due them from the defendants at that rate."

Which was likewise refused and an exception was duly taken.

[2] We are of opinion that the court erred in ruling as matter of law that the contract was to be taken alone, and the plans excluded,.

in determining the work that the plaintiffs were required to do, and also erred in refusing to instruct the jury as requested in the requests quoted. This contract should receive a reasonable interpretation. It is manifest that, in letting rock excavation work for a foundation, the owner or contractor letting the work would ordinarily in the interests of economy provide for doing it all at the same time. The plaintiffs knew the purpose for which this excavation was to be made, for their contract expressly obligated them "to reduce sufficient building stone from the rock on the premises and leave sufficient thereon in such shapes and sizes as can be used for the foundation to be erected thereon." Of course, if the plans called for work not usually and customarily incident to the work described in the contract, the plaintiffs would not be obligated to perform it, and on seeing the plans they would be at liberty to rescind the contract, or perhaps to proceed with the work required by the contract. But these plans called for work incident to the main work described in the contract, and not of an unusual character. We are of opinion that the reference to the plans contained in the contract made them part of it, not merely as claimed by plaintiff for the purpose of determining whether part of the rock on the plot within $8\frac{1}{2}$ feet of the surface was to be left unexcavated, but to show the incidental work required to be performed by plaintiffs as well. The contract should be construed, not as defining with precision the work to be done by the plaintiffs, but as descriptive merely, and the plans should be read in connection with it.

The only question which I regard as not free from doubt is whether the specification in the contract, with respect to the depth of the excavation, is controlling. If so, the plaintiffs could have been compelled to excavate to the depth of precisely $8\frac{1}{2}$ feet below the curb, at every point. Manifestly that was not intended. The plans called for an excavation on the slant of the Longwood avenue curb along Longwood avenue to the depth of 9 feet, extending over about one half of the plot, and provided that the bottom of the other half of the plot should be level and that about one half of it should be $7\frac{1}{2}$ feet below the curb of Beck street, and the other half $7\frac{1}{2}$ feet below the curb of Kelly street. I am of opinion that the depth given in the contract should be regarded as an estimate, or approximate, only, to be read with the plans, and that the depth called for by the plans is not so materially greater as to entitle the plaintiffs to recover for the additional depth, as for extra work, at least, not if the plaintiffs saw the plans before proceeding with the work, and then proceeded without objection, as the jury would have been warranted in finding.

[3] On this theory there would be no consideration for the agreement to pay for this work as extra work claimed to have been made in May; and, moreover, if the jury found that the plaintiffs had a copy of the plans at the outset, they could not have found any agreement to pay for this work as extra work, for the only theory in support of such agreement is that the plaintiffs had not seen the plans until then. This was plainly the purpose of the requests, and I think they should have been granted.

It follows that the judgment and order should be reversed, and a new trial granted, with costs to appellants to abide the event.

INGRAHAM, P. J., and DOWLING, J., concur. MILLER and SCOTT, JJ., dissent.