GENERAL FIREPROOFING CO. v. TERAMI.

(Circuit Court of Appeals, Second Circuit.   December 19, 1919.)

No. 73.

1. SALES ⬤⟼52(3)—CORRESPONDENCE ADMISSIBLE ON QUESTION OF PARTIES TO CONTRACT.

On the question whether a contract of defendant to sell was with plaintiff, or with the T. Company, mentioned in defendant's letter to plaintiff, and as against contention that a letter from plaintiff to defendant and said letter from defendant to plaintiff, together with a letter of credit of a bank, constituted a closed contract between plaintiff and defendant for sale by defendant to plaintiff, *held* prior and subsequent letters between defendant and the T. Company were admissible as throwing light on the letters between plaintiff and defendant.

2. SALES ⬤⟼53(1)—PARTIES TO CONTRACT QUESTION FOR JURY.

Whether a contract for sale was by defendant with plaintiff, or with the T. Company, *held* not a question to be determined by the court, construing merely the two letters between plaintiff and defendant, but a question of fact for the jury, on all the correspondence, including prior and subsequent letters between defendant and the T. Company, and the oral testimony.

In Error to the District Court of the United States for the Southern District of New York.

Action by Fumio Terami against the General Fireproofing Company. Judgment for plaintiff, and defendant brings error. Reversed.

William H. Griffin, of New York City (James M. Beck, of New York City, of counsel), for plaintiff in error.

Elkus, Vogel, Gleason & Proskauer, of New York City (Joseph M. Proskauer and Wesley S. Sawyer, both of New York City, of counsel), for defendant in error.

Before WARD, ROGERS, and MANTON, Circuit Judges.

WARD, Circuit Judge. This is a writ of error to a judgment directed by the court in favor of the plaintiff on the merits, leaving to the jury only the question of the amount of the plaintiff's damages.

[1, 2] There is no dispute that the defendant agreed to sell 3,000 boxes of tin plate for export to Japan, but the question is whether the contract was made with Terami or with the Tsunoda Company, Incorporated. The complaint alleges that the contract was with Terami, the plaintiff, while the answer alleges that it was with the Tsunoda Company, though the plaintiff had an interest of some kind in it. The plaintiff offered in evidence two letters as follows:

"New York City, April 26, 1917.

"General Fireproofing Co., 395 Broadway, New York City—Gentlemen: I have now the pleasure of handing you an order for the following:

"3.000 boxes of coke tin plate I.C.W.

"20" x 14"—112 sheets—100 lbs. at $9.713 per box f.o.b. mill.

"Shipments to be made during August and September, 1917.

"I requested the Bank of Taiwan to issue a confirmed letter of credit for the above amount, in your favor, to be available against shipping documents, which I believe you have duly received.

"Trusting you will give this order your careful attention, I remain,

"Yours truly,        F. Terami."

"April 27, 1917.

"Mr. Fumio Terami, 233 Broadway, New York City.
"Our B.O.P.O. X–780 (T–3348)

"Dear Sir: We have received your letter of April 26th, which we understand is a confirmation of the letter order from the Tsunoda Company, Incorporated, dated April 19th, and which called for the following:

"3,000 boxes of I.C.W. tin plate 20x14—112 sheets, 100 lbs. per box in tin-lined cases packed for export at $9.85 per box, f.o.b. New York. The freight allowance from Sparrows Point, Md., to New York, on this order is 10½c. per 100 lbs., and an additional allowance of 3.2c. per 100 lbs., which represents half of the difference between the freight rate from the Pittsburgh district and Sparrows Point to New York.

"It is also understood that the confirmed letter of credit to which you refer in your letter is the letter of credit issued by the Bank of Taiwan, Limited, under date of April 23d, and applying on this same order from the Tsunoda Company.

"We are glad indeed to have been able to enter the order for this material, and sincerely trust we may continue our present pleasant relations.

"Yours very truly,         The General Fireproofing Company,
"K. L. Brockway, Export Department."

The defendant offered in evidence two earlier letters of April 17th and 19th; the latter being referred to in the letter of April 27th:

"April 17, 1917.
"Attention of Mr. Brockway.

"The General Fire Proofing Company, 395 Broadway, New York—Gentlemen: We beg to confirm our verbal order to you of this morning for 3,000 boxes of I.C.W. tin plate 20x14—112 sheets—100 lbs. in tin-lined cases packed for export, at $9.85 f.o.b. New York, with freight allowed from Pittsburg, Pa., to New York, if shipment is made to the West Coast direct from the mill. Shipping instructions will be furnished you later.

"You will receive instructions from us to-morrow in reference to payment for these goods, or letter of credit. Thanking you for the quotation, and trusting this may lead to considerable business between our firms, we are,

"Very truly yours,         Tsunoda Company, Inc.,
"Tsunoda."

"April 19, 1917.

"The General Fire Proofing Company, 395 Broadway, New York City—Gentlemen: Referring to your favor of April 17th and our letter dated April 17th ordering 3,000 boxes of I.C.W. tin plate 20x14—112 sheets, 100 lbs. per box, in tin-lined cases packed for export, at $9.85 per box, f.o.b. New York: Allow us to confirm this order with the agreement made to-day as to a freight allowance of 10½ cents per hundred pounds from Sparrows Point, Md., and 3.2 additional allowance.

"This arrangement was entered into with your Mr. Brockway, as we understood the material to be in the Pittsburg field or Youngstown, and freight allowance from that point to New York would be made to us, and in figuring our quotation we figured this way, and the additional 3.2 cents was allowed specially to cover the loss that would have been incurred on the basis of freight allowance from Sparrows Point, Md.

"Thanking you very sincerely for your courtesy in this matter, and hoping that this may lead to large and continuous business between our firms, we are,

"Yours very truly,         Tsunoda Company, Inc.,
"Tsunoda."

These two letters and letters subsequently written by the defendant to the Tsunoda Company were excluded on the ground that the letters of April 26th and 27th, together with the letter of credit of the Bank of Taiwan, constituted a closed contract with Terami.

We think the court should have admitted, not only these two letters excluded, but subsequent correspondence between the defendants and the Tsunoda Company, which were also excluded. The two letters threw light upon the letters of April 26th and 27th. Quite plainly the defendants wished to make it clear that they were under but one contract, and that contract was with the Tsunoda Company, as to which they were secured by the Bank of Taiwan's letter of credit. Upon the two letters of April 26th and 27th, together with the letter of credit, we cannot say that the contract was with Terami. It is true that subsequently the defendants, in letters to him and to the Tsunoda Company, spoke of the order for the tin plate as made by Terami through the Tsunoda Company, or as being on account of Terami, or of Terami's order through the Tsunoda Company, or that the plate was bought by the Tsunoda Company and sold to Terami. But their correspondence was continuously and consistently with the Tsunoda Company. The correspondence between the defendants and the Tsunoda Company and Terami should have been admitted, so as to determine from it, together with the testimony of the witnesses, whether the defendants' contract was with the Tsunoda Company or with Terami. The original order given by the Tsunoda Company disclosed nothing to show that it was acting for an undisclosed principal and, if it were, the defendants could insist upon the contract with the Tsunoda Company, if made with it, whether it was buying for or on account of or as broker of Terami. Moore v. Vulcanite Co., 121 App. Div. 667, 106 N. Y. Supp. 393. It was not a question to be determined by the court, construing merely the two letters of April 26th and 27th, but a question of fact, to be determined by the jury upon all the correspondence and the testimony of the witnesses.

The appellant has filed 235 assignments of error, and a brief of 221 pages, citing a multitude of decisions. The exhibits, not printed in chronological order, are unusually confusing. Under these circumstances, we shall say no more than the foregoing for the guidance of the court on a new trial.

Judgment reversed.