### AMERICAN CONCRETE STEEL CO. v. HART.

(Circuit Court of Appeals, Second Circuit. October 31, 1922.)

No. 27.

1. **Appeal and error ⬤⟳1008(2)—Court's findings after jury is waived have force of verdict.**

   The finding of the court below in an action at law, where a jury has been duly waived, has all the force of a verdict.

2. **Appeal and error ⬤⟳241—Motion for nonsuit must specify grounds to raise questions on writ of error.**

   A motion for nonsuit to dismiss the complaint, in order to be effectual, must specify the grounds, since the appellate court, on writ of error in a civil case, can review only erroneous rulings made by the trial court on matters called to its attention and passed on by it.

3. **Contracts ⬤⟳332(4)—In action on contract of subcontractor, allegation of performance of entire contract to owner's satisfaction unnecessary.**

   Where a subcontract for the excavation for a building required the work to be done in accordance with the plans and specifications prepared by the owner's architect, and provided that the final payment thereon was to be made after the entire completion of the work to the architect's satisfaction, it was not incumbent on the subcontractor, in an action to recover the amount due under the contract, to plead the completion of the work to the owner's satisfaction.

4. **Contracts ⬤⟳322(1)—Contractor held to have burden of proving subcontract was not performed to satisfaction of owner.**

   Where the subcontract provided the final payment should be made after completion of the work to the architect's satisfaction, but there was no

provision requiring completion to the owner's satisfaction, the subcontractor did not need to prove satisfaction to the owner, but the burden was on the contractor to prove his dissatisfaction, if it could.

5. Contracts ☞164—Building contract must be construed with reference to specifications referred to therein.

Where a subcontract for the excavation for a building required the subcontractor to furnish the labor, materials, etc., for the excavation, in accordance with the plans and specifications prepared by the architects, the contract must be read with the plans and specifications.

6. Evidence ☞457—Construction by parties is admissible to show meaning of phrase of art.

In a subcontract for the excavation for a building, the phrase "the underside of first floor," which fixed the boundary between the zones for charges at different rates, was a phrase of art, and evidence as to the meaning placed thereon by the parties to the contract was admissible to show its meaning.

7. Contracts ☞175(3)—Evidence held to support court's construction of "underside of first floor" in excavation contract.

In an action for the amount due under a subcontract for the excavation of a building, evidence *held* to sustain the trial court's finding that the phrase, "underside of first floor," used in fixing the boundary between two zones for which different charges were to be made, referred to the first-floor level, so that the thickness of the first floor was not included in the upper zone.

8. Contracts ☞162—Provisions for extension of time and damages for delay not repugnant in contract fixing date for completion.

In a building contract, which specifies that the work shall be completed at a stated time, a provision that the contractor may have an extension of time for delays not caused by his fault is not repugnant to a subsequent provision that either party is entitled to damages from the other for delay caused by the fault of the other.

9. Contracts ☞212(2)—Performance required in reasonable time, if no date is fixed.

Where a subcontract for the excavation for a building specified no date for completion of the work, it was the contractor's duty to finish it within a reasonable time.

10. Appeal and error ☞842(1)—Reasonable time may be question of fact.

What is a reasonable time is usually a question of law; but it is sometimes a question of fact, as to which the trial court's finding, supported by evidence, is conclusive on writ of error.

11. Contracts ☞323(3)—Reasonable time for performance held question of fact.

The reasonable time for the performance of a subcontract to do excavation work for a building, depending as it does on the nature of the work, the justifiable or unjustifiable delays, the time usually occupied for work of a similar character, and all other facts and surrounding circumstances, presents a question of fact.

12. Contracts ☞213(2)—Provision for extension of time held meaningless, in absence of fixed time for performance.

A printed provision, on the back of the form used for a subcontract for excavation for a building, for the extension of time for delays not the fault of the subcontractor, is meaningless, where the contract as entered into fixed no date for completion of performance, so that the contractor had a reasonable time under all the circumstances for performance.

In Error to the District Court of the United States for the Eastern District of New York.

Action by Charles F. Hart against the American Concrete Steel Company. Judgment for plaintiff, after trial without a jury (278 Fed. 541), and defendant brings error. Affirmed.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Writ of error to a judgment entered by the District Court for the Eastern District of New York,. after a trial without a jury, in favor of defendant in error against plaintiff in error for $14,663.14. Defendant in error (hereinafter called Hart) brought an action against plaintiff in error (hereinafter called American Co.) to recover $13,181.07 and interest for transactions arising under a contract between the parties to do excavation work in connection with the erection of a building for Louis De Jonge & Co., at Clifton, Staten Island, N. Y. The complaint, as amended at the trial, set forth four causes of action, the second of which was not contested. The first was for the balance due for excavation work; the third was based upon a breach of a provision of the contract providing for damages in case of delay. The fourth was based upon the breach of an implied agreement by American Co. not to hinder nor delay Hart in the prosecution of his work and to give him access for that purpose.

The parties signed and duly filed a written stipulation waiving a jury. The answer of American Co. denied substantially all the material allegations of the complaint and set up a separate defense by way of set-off for work which American Co. claimed to have done for Hart's account.

The District Court found the issues in favor of Hart upon all of the causes of action set forth in the complaint, as amended on the trial, and upon the set-off. While the court did not make formal findings of fact in detail, the opinion fully and carefully discussed the facts and stated the reasons which led the court to its conclusions.

William S. Haskell, of New York City (Albert W. Meisel, of New York City, of counsel), for plaintiff in error.

L. W. & A. B. Widdecombe, of New York City (L. W. Widdecombe, of New York City, of counsel), for defendant in error.

Before ROGERS, MANTON, and MAYER, Circuit Judges.

MAYER, Circuit Judge (after stating the facts as above). [1] We have recently had occasion to state that:

"Under law too well settled to require. citation, the finding of the court below in an action at law where a jury has been duly waived, has all the force of a verdict. * * *" United States of America and the City of New York v. George Benedict, as Sole Surviving Trustee, etc., 280 Fed. 76.

We have also again pointed out that:

"This court, on a writ of error in a civil case, can review only erroneous rulings made by the trial court on questions called to its attention and passed on by it." United States of America v. National City Bank of New York, 281 Fed. 754.

It is, therefore, necessary to state the facts only to the extent desirable to point out the questions of law now involved. The contract took the form of an order from American Co. to Hart agreed to and signed in duplicate by the latter. Under this order, Hart, inter alia, was to—

"furnish all labor, materials, equipment, etc., necessary for all excavation, pumping, and back-filling in the above building in accordance with plans and specifications prepared for same by Valentine & Kissam, architects, as follows: All work to the underside of first floor to be done at 90c. per cu. yd. All other excavating at $1.90 per cu. yd. You to provide necessary dumping place for any of this material that cannot be graded on the owner's property. The order is placed with the understanding that you will start this work immediately and complete same to the entire satisfaction of the architects and owners and in such manner as to cause no delay in the construction of the building. You are also to work in harmony with the contractor for sheet piling and under the direction of our superintendent in charge of the work.

Payments to be made about the 15th day of each month for 85 per cent. of the value of work completed to the last day of the preceding month. Final payment to be made within 30 days after the entire completion of this order to the architect's satisfaction."

*First Cause of Action.*—At the close of Hart's case, American Co. moved to dismiss the first, third, and fourth causes of action on the following grounds: (1) That the plaintiff had not sustained the burden of proof and had not shown performance within a reasonable time. (2) That he had not proved facts sufficient to constitute a cause of action. (3) That plaintiff's evidence showed three months to be a reasonable time for performance, and in the absence of a claim for delay by written notice provided by the contract, plaintiff could not excuse nonperformance within that period. (4) That plaintiff had not shown that the architect's refusal to grant the certificate was unreasonable. A motion of similar effect was renewed at the close of the whole case and denied.

[2, 3] It is now urged as error that the complaint was dismissed because Hart failed to plead or establish that the work was done to the entire satisfaction of the "owners." It will be noted that neither this point of pleading nor this lack of proof was called to the attention of the court upon the motions to dismiss. The New York rule is:

"That a motion for a nonsuit or to dismiss the complaint, to be effectual, must specify the defects supposed to exist. ° ° ° The reason of the rule is obvious, as it affords an opportunity to supply ° ° ° proofs where it is possible." Quinlan v. Welch, 141 N. Y. 158, 165, 36 N. E. 12, 14.

As restated in United States v. National City Bank, supra, this is also the rule recognized in this court. It is a salutary rule, which tends not only to attain justice between the parties, but to avoid the delay and expense of new trials in respect of matters which might or could have been appropriately dealt with in the trial court, if called to the attention of court and counsel.

But, passing this point, we shall nevertheless consider the questions both of pleading and of proof as to the satisfaction of the owners. The complaint alleged that "the plaintiff duly performed all the terms of said agreement. * * *" The contract did not provide by its terms that the satisfaction of the owners should be evidenced by a certificate or writing precedent to payment. On the contrary, neither the payments in the course of the work nor the final payment were conditioned upon any act of the owners. The final payment, which in cases of this kind is so often the subject-matter of controversy, was to be made after the entire completion of the order "to the architect's" and no one else's "satisfaction."

The case is quite different from Weeks v. O'Brien, 141 N. Y. 199, 36 N. E. 185, as was pointed out in Fox v. Cowperthwait, 60 App. Div. 528, 69 N. Y. Supp. 912; for in Weeks v. O'Brien the last installment was to be paid "provided a certificate shall be obtained"—obviously a condition precedent. Here there was no such proviso. Gearty v. Mayor, 171 N. Y. 61, 63 N. E. 804.

[4] Upon the question of proof, the record shows that there was some evidence as to satisfaction. There was a meeting at the office of

De Jonge & Co. in April, 1918, at which, among others, Mr. Albert De Jonge was present, and on that occasion there was no criticism of the work. Under the language of the contract it was not necessary for Hart to prove the satisfaction of the owner. It was for American Co. to prove dissatisfaction, if it could. There was no such testimony adduced, and the finding of the court below must be construed as a finding of fact that the contract was duly performed in this regard, and such finding we have no power to review.

Another ground of attack against the judgment on the first cause of action arises out of that part of the contract which provides:

"All work to the underside of the first floor to be done at 90c per cu. yd. All other excavating at $1.90 per cu. yd."

Hart contended that "the underside of first floor" meant the first-floor level, which would result in a clear-cut division line at the level referred to in the case as 105.73. American Co. contended that the phrase "the underside of first floor" included in the 90-cent classification the thickness of the first floor. The court held that the phrase in question was used to indicate "underside of the first floor level—i. e., elevation 105.73"—and thus allowed Hart at the rate of $1.90 per cubic yard.

[5] The agreement between the parties is not evidenced alone by the contract order between the parties. The contract required Hart to furnish materials necessary for excavation "in accordance with plans and specifications prepared" by the architects. As is ordinarily the case, a contract of this kind must be read with the plans and specifications. U. S. v. Ellicott, 223 U. S. 524, 32 Sup. Ct. 334, 56 L. Ed. 535; Adams v. Indelli, 146 App. Div. 790, 795, 131 N. Y. Supp. 519.

[6] In addition, the phrase in controversy is a phrase of art, and its meaning is not inherently clear. In such circumstances, it is permissible to ascertain the interpretation given to this phrase by the parties themselves, either in conversations subsequent to the execution and delivery of the contract or by some other method of practical construction.

[7] There is testimony that Hart called the attention of Doe, vice president, and also Wright, treasurer and general manager, of American Co., to what he regarded as the correct interpretation of the contract, and, in substance, that they agreed with him. It is unnecessary to determine whether the contract was thus modified, because this testimony was admissible, in any event, as an aid to the court as trier of the facts in determining the meaning of the controverted phrase. Insurance Co. v. Dutcher, 95 U. S. 269, 273, 24 L. Ed. 410; Beaver E. & C. Co. v. City of New York, 192 App. Div. 662, 183 N. Y. Supp. 386. Cf. General Fireproofing Co. v. Terami (C. C. A.) 262 Fed. 106.

Thus there was before the court, not only the contract, but also this testimony and the plans and specifications. The question had become one of fact, which was conclusively disposed of by the findings and judgment below.

It is unnecessary to discuss the fourth cause of action, if there was no error in the court's finding as to the third cause of action.

*Third Cause of Action.*—The part of the contract heretofore quoted was typewritten, but the following, on the reverse side of the typewritten matter, was part of a printed form:

"Should you be delayed in the prosecution or completion of the work by the act, neglect, or default of the owner, architect, or American Concrete Steel Company, or of any person employed by them upon the work, or by any damage caused by fire or other casualty for which you are not responsible, or by combined action of the workmen in no wise caused by or resulting from default or collusion on your part, then the time herein affixed for the completion of the work shall be extended for a period equivalent to the time lost by reason of any or all causes aforesaid; but no such allowance shall be made unless a claim therefor is presented in writing within 48 hours of the occurrence of such delay.

"The American Concrete Steel Company agrees to provide all labor and materials essential to the conduct of this work not included in this contract in such manner as not to delay its progress. and in the event of failure so to do, thereby causing loss to you, agree that they will reimburse you for such loss; and you agree that, if you delay the progress of the work so as to cause loss for which the American Concrete Steel Company shall become liable, then you shall reimburse the American Concrete Steel Company for such loss."

It is claimed that these paragraphs are repugnant, for the reason that, since the contract provides for an extension of time in case of delay by the owner or the others mentioned in the contract, and contains a provision for damages to either party in case of delay caused by the other, the latter provision cannot be reconciled with the former and must fail. It is easy to see how these two provisions were left in the contract in the case at bar. Hart claims that this question does not arise on the pleadings, but nevertheless we shall treat it upon its merits. The contract was drawn by laymen, who probably took the printed form for granted, and did not realize the controversy which it might provoke. Ordinarily a contract states a date or a period of time upon or within which it is to be completed; but no such precise limitation is found in this contract.

[8] When a contract does fix a date or period of time, these two clauses are readily reconcilable. The first provision is designed to extend the time for the completion of the contract by the contractor in case of a delay caused by an owner, an architect, or others than himself mentioned in the contract. The second provision affords to each of the parties the right to be reimbursed for such damages as may be suffered by the delay of the other. That such provisions are not repugnant seems to be settled by Guerini Stone Co. v. Carlin, 240 U. S. 264, 36 Sup. Ct. 300, 60 L. Ed. 636, and Del Genovese v. Third Ave. R. Co., 13 App. Div. 412, 43 N. Y. Supp. 8, affirmed 162 N. Y. 614, 57 N. E. 1108.

[9, 10] It is argued that Norcross v. Wills, 198 N. Y. 336, 91 N. E. 803, has modified the Del Genovese Case, but an examination of the facts in these two cases will dispose of this contention. It may be observed that in Norcross v. Wills the Del Genovese Case is favorably referred to. In the case at bar, in view of the absence of a definite time or date, it was the duty of Hart to finish his work within a reasonable time. What is a reasonable time is usually a question of law (In the Matter of B. & R. Glove Corp. [C. C. A.] 279 Fed. 372); but it is also sometimes a question of fact.

[11] In a case of this character, the question as to what would be a reasonable time to do the excavation work is plainly a question of fact, depending for its solution upon the nature of the work, the justifiable or unjustifiable delays, as the case may be, the time usually occupied for work of a similar character, and, in brief, all the facts and surrounding circumstances. The court below found that Hart's work had been impeded by American Co. because of inability to have continuous access, and found, in effect, as a fact, that Hart's work had been done within a reasonable time.

[12] Reasonable time is a flexible phrase, and, in all the circumstances of this particular case, the provision as to extending the time for a period equivalent to the time lost was a futile and meaningless provision. Hart was entitled to take a reasonable time, and the American Co. was similarly entitled to hold Hart to the completion of his work within a reasonable time. On the other hand, if the progress of the work was delayed by the fault of either party, then, under the terms of the contract, the injured party, quite irrespective of any implied agreement in law, was entitled to be reimbursed for his loss.

The question before the trial court thus simmered down to the point as to whether the American Co.'s conduct was such as to cause loss to Hart, and, the court having decided that question in favor of Hart on a conflict of testimony, the findings and judgment below in that regard are conclusive.

We deem it unnecessary to consider any of the other questions presented. The details were well disposed of in the opinion below.

Judgment affirmed.